UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DERRICK D. ROBERTSON | CIVIL ACTION |
| VERSUS | NO. |
| BAY, LTD. and BERRY CONTRACTING, LP | SECTION " " |

## NOTICE OF REMOVAL

Defendant, Bay Ltd. and Berry Contracting ("Bay/Berry"), hereby gives notice that they are removing this action from the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, to the United States District Court for the Western District of Louisiana, and in support thereof, states the following:

1.

This action was commenced by the Petition for Damages (Civil Suit No. 131,311, Div. "A') that was filed on or about July 3, 2017, wherein Derrick D. Robertson ("Plaintiff") is Plaintiff, and Bay Ltd. and Berry Contracting LP are Defendants. *See* Petition (Exh. 1).

2.

Defendants were served on or about July 17, 2017.

3.

Derrick Robertson is an individual of the full age of majority and residing in the Parish of Lafourche, State of Louisiana. *See* introductory paragraph of the Petition.

4.

Plaintiff last worked for Defendant Bay at a facility in St. Mary Parish. *See* Declaration of Travis Chaney (Exh. 2).

5.

Defendants are in fact not separate entities. Rather, Berry Contracting, LP does business as Bay Ltd. Berry is a Texas LP with its principal place of business in Corpus Christi, Texas. *See* Petition at ¶ 1. *See also* Declaration of Charles A. Vanaman (Exh. 3).

6.

28 U.S.C. § 1332 states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens of a foreign state, except that the district courts shall not have original jurisdiction under the subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent resident in the United State and are domiciled in the same State.

7.

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. §1441(a); *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

8.

This action is removable pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse. More specifically:

(a) Plaintiff is a resident of the Parish of Lafourche, State of Louisiana.

(b) Defendant, Berry Contracting, LP, d/b/a Bay Ltd. is a Texas limited partnership that has its principal offices in Corpus Christi, Texas. Berry Contracting, LP does business as Bay Ltd.

*See* introductory paragraph of the Petition and Petition at ¶ 1. *See also* Vanaman Declaration.

9.

Courts initially examine the state court petition to determine the amount in controversy. *Manguno*, 276 F.3d at 723. Where the petition does not include a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*, *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Lozano v. Schoellerman*, 2009 WL 211080, 1 (S.D. Tex. 2009).

This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000; or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno*, 276 F.3d at 723, *citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.

The amount in controversy is facially likely to exceed $75,000, since Plaintiff seeks the following categories of damages:

    (a)    Past, present and future embarrassment and humiliation;

    (b)    Mental anguish, stress and physical trauma, past, present and future;

    (c)    Past, present and future economic loss; and

    (d)    Any other damages and/or acts of negligence to be shown at the trial of this matter.

*See* Petition at ¶ 8.

11.

To the extent that the Petition itself does not dispositively show that the amount in controversy exceeds $75,000, the following demonstrate that it does because:

    (a)    Economic loss includes back pay.

  (1) Back pay is based on the difference, if any, between wages earned at the prior employer and subsequent employers up until entry of final judgment. *Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 651 (4th Cir. 2002); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936, fn. 8 (5th Cir. 1996).

  (2) Robertson last worked for Bay on July 22, 2016. Petition at ¶ 6; Chaney Declaration.

  (3) Robertson, as a full-time employee, earned $67,867.04 and $29,689.92 in 2015 and 2016. *See* Chaney Declaration.[1]

  (4) The Petition does not assert or mention interim earnings. Therefore, one can fairly infer a back pay claim of $63,000 at this time.

  (5) Trial in the above captioned matter is at least another year away, so one can fairly infer a back pay claim of in part $126,000.

(b) Employee benefits are included in back pay. *See, e.g., Burroughs v. Raytheon Technical Services Co.*, 2006 WL 897678 (W.D. Tex. 2006); *White v. Bank of America, NA.*, 2001 WL 804517, 2 (N.D. Tex. 2001).

  (1) Robertson was eligible for and received benefits, such as medical and dental insurance[2] worth $3,252.60 in 2016. *See* Chaney Declaration.

  (2) One can, therefore, add $3,252.60 a year to Robertson's back pay claim.

  (3) Assuming trial is a year in the future, one can fairly infer a back pay claim of $132,505.20 ($126,000 plus $6,505.20)

---

[1] Plaintiff was being paid $23.25 per hour at the time he last worked for Bay. He worked overtime. *See* Chaney Declaration.

[2] Robertson chose not to participate in Bay's 401K program. *See* Chaney Declaration.

4

 (c) One can recover front pay under Louisiana law. La. RS. 23:303. Front pay is recoverable where reinstatement is impractical due to the existence of a hostile work environment. *Weaver v. Amoco Production Co.*, 66 F.3d 85 (5th Cir. 1995).[3]

  (1) Front pay awards typically range from one to three years. *See Brown v. Mississippi Dept. of Health*, 2007 WL 4259212, 1 (5th Cir. 2007) (upholding three years front pay); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44-45 (5th Cir. 1992) (holding award of two years front pay was not an abuse of discretion as such awards are necessarily speculative); *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991) (holding calculations of front pay cannot be totally accurate because they are prospective and necessarily speculative in nature); *Carpenter v. Tyler Independent School District*, 429 F.Supp.2d 848 (E.D. Tex. 2006) (awarding one year of front pay under USERRA).

  (2) One cannot expect a trial date for at least a year.

  (3) If one adds another year totaling $66,252.60, one can fairly infer a total front and back pay of $198,757.80.

 (d) Louisiana law authorizes recovery of unlimited mental anguish damages. La. R.S. 23:303.

  (1) Such awards are fact dependent. Here, Plaintiff claims that he was subjected to race discrimination and retaliation.

  (2) The court in *Brooks v. Southern University and Agr. and Mechanical College*, 2003-0231, 877 So.2d 1194, 1227 (La. App. 4th Cir. 2004), *reh'g*

---

[3] Robertson alleges harassment and does not seek reinstatement.

5

                *denied*, *writ denied*, 888 So.2d 808, 2004-2246 (La. 2004), awarded $200,000 in general damages, including mental anguish damages arising out of a harassment and retaliation claim.

       (3)    It is not unfair to infer that a jury could award over $30,000 in mental anguish damages.

   (e)    Louisiana law authorizes recovery of attorney fees. La. R.S. 23:303. It is difficult now to try to estimate the amount of attorney fees, assuming Plaintiff is successful, but one would not expect success without a significant amount of work by counsel.

12.

Moreover, Plaintiff states that he filed an EEOC Charge and obtained a Notice of Right to Sue. Petition at ¶ 10. In fact, Robertson filed an EEOC Charge alleging violation of Title VII of the Civil Rights Act of 1964. Besides providing a separate basis for removal,[4] Title VII also authorizes recovery of capped mental anguish and punitive damages, as well as front and back pay. *See* 42 U.S.C. § 1991a, as well as 42 U.S.C. § 2000e-5(g).

13.

Attached hereto as Exh. 4, *in globo*, are copies of all documents in Defendants' possession filed in state court.

WHEREFORE, Defendants, Bay Ltd. and Berry Contracting, LP, pray that said state court action be removed from the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, to the United States District Court for the Western District of Louisiana, and that

---

[4] Plaintiff simultaneously includes a federal claim in his Petition, but purports to sue under only state law. Title VII claims however, can be brought in state court. *See, e.g., Yellow Freight system, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566 (1990).

henceforth, this action be placed on the docket of this Court for further proceedings as though the action had been originally instituted in this Court.

      /s/ Ellis B. Murov
ELLIS B. MUROV, T.A. (9839)
ANDREW J. BAER (35638)
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans  LA  70130
Telephone:  504-581-5141
emurov@deutschkerrigan.com
mlessell@deutschkerrigan.com
abaer@deutschkerrigan.com
Attorneys for Bay Ltd. and Berry Contracting, LP

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon:

    Michael S. Zerlin, Esq.
    123 East Seventh Street
    Thibodaux, Louisiana 70301

through this Court's CM/ECF system, by e-mail, fax, by hand and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this 31st day of July, 2017.

      /s/ Ellis B. Murov
ELLIS B. MUROV